UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>        **Plaintiff,**<br><br>v.<br><br>VINCENT NOLAN,<br><br>        **Defendant.** | 18-cv-13737<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Malibu Media, LLC ("Plaintiff") brings this action for copyright infringement against Defendant Vincent Nolan ("Defendant"). The matter comes before the Court on Plaintiff's Motion to Strike Improper Arguments from Defendant's Answer ("Motion"). ECF No. 25. For the reasons set forth below, the Motion is **DENIED**.

I. **BACKGROUND**

On September 11, 2018, Plaintiff filed this copyright suit against a John Doe defendant using IP address 24.186.230.139. *See* Compl., ECF No. 1. After serving a third-party subpoena on an internet service provider to determine who used the IP Address, Plaintiff filed his Amended Complaint ("AC"), replacing John Doe with Vincent Nolan. AC ¶ 9, ECF No. 11. Defendant answered on May 29, 2019. ECF No. 23.

Presently before the Court is Plaintiff's Motion to Strike certain arguments contained in the Answer. ECF No. 25. Defendant opposed the motion ("Opposition"). ECF No. 27.[1] The Court also received significant (and unnecessary) supplemental briefing. *See* ECF Nos. 33-35.

II. **DISCUSSION**

Plaintiff moves for "an order striking the improper argument included in the Answer." Mot. at 1. "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FRCP 12(f). The decision is within the Court's discretion. *See In re Fine Paper Antitrust Litig.*, 751 F.2d 603, 604 (3d Cir.1984).

Generally, motions to strike "are viewed with disfavor . . . and are infrequently granted." Wright & Miller, *Federal Practice and Procedure,* Civil §§ 1380-81 (3d ed.).

---

[1] While Defendant's opposition is styled as a "Motion to Oppose" the Motion to Strike, the Court construes the filing as Defendant's opposition brief. Given Defendant's *pro se* status, the Court will excuse minor technical or procedural deficiencies in his briefing. Moving forward, Defendant should be careful to comply with all applicable rules and deadlines.

1

> The Third Circuit has instructed that a district court should not grant a motion to strike a defense unless the insufficiency of the defense is clearly apparent. . . . Additionally, a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party.

*Zacharewicz v. Kokes Fairways, LLC*, 15-cv-1551, 2015 WL 4545638, at *1 (D.N.J. July 28, 2015) (cleaned up).

Here, the Motion will be denied because Plaintiff has not articulated any prejudice resulting from "the presence of the surplusage." *See id.* (quoting *F.T.C. v. Hope Now Modifications, LLC*, 09-cv-1204, 2011 WL 883202, at *1 (D.N.J. Mar. 10, 2011)). Plaintiff does not specify which portions of the Answer it objects to. *See generally* Mot. As far as the Court can tell, its objection is to the Answer's inclusion of various case citations and arguments regarding Defendant's lack of liability. *See, e.g.*, Answer ¶¶ 2, 5, 17. However, Plaintiff fails to identify any adverse consequence resulting from those arguments' inclusion. *See generally* Mot. The closest Plaintiff comes is stating: "Motions to strike affirmative defenses 'serve a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues that would not affect the outcome of the case.'" Mot. at 2 (quoting *U.S. v. Union Gas Co.*, 743 F. Supp. 1144, 1150 (E.D. Pa. 1990)). But nowhere does Plaintiff articulate how requiring such removal would save "time and expense." *See Union Gas Co.*, 743 F. Supp. at 1150. Plaintiff is under no obligation to formally respond to the legal arguments sprinkled throughout Defendant's Answer. The only incurred "time and expense" caused by the surplusage resulted directly from the present Motion to Strike. Had Plaintiff not moved, the only consequence of the arguments' presence in the Answer would have been to preview Defendant's litigation strategy.

Instead of articulating how any surplusage in the Answer causes prejudice, Plaintiff spends most of its brief shadowboxing an imaginary FRCP 12(b)(6) motion based on the arguments included in the Answer. *See, e.g.*, Mot. at 3 ("Plaintiff has properly pled a claim for copyright infringement that survives Rule 12(b)(6)"). While Plaintiff may disagree with Defendant's legal analysis, that is insufficient for a motion to strike. *See* Wright & Miller, *supra* §§ 1380-81. Defendant's arguments amount to "I am not liable." Removing them would not, as Plaintiff implies, "sav[e] the time and expense which would otherwise be spent in litigating issues *that would not affect the outcome of the case.*" Mot. at 2 (emphasis added) (quoting *Union Gas Co.*, 743 F. Supp. At 1150). Testing Defendant's arguments that he is not liable under existing law and fact will be the central issue of this suit.

## III. CONCLUSION

For the reasons set forth above, Plaintiff's motion to strike certain arguments from the Answer, ECF No. 25, is **DENIED**. An appropriate order follows.

Date: September 3, 2019

WILLIAM J. MARTINI, U.S.D.J.