# PATRICK J. CERILLO, LLC
## ATTORNEY AT LAW
4 WALTER FORAN BLVD
SUITE 402
FLEMINGTON, NJ 08822

PATRICK J. CERILLO*, Esq.
*Qualified Family Mediator per R. 1:40

VOICE: (908) 284-0997
FAX: (908) 284-0915
pjcerillolaw@comcast.net

March 11, 2020

**VIA E-MAIL AND REGULAR MAIL**
Vincent Nolan
188 Morris Turnpike
Randolph, New Jersey 07869

Re: Malibu Media, LLC v. Vincent Nolan

Dear Mr. Nolan:

  My client is not interested in examining the computer devices you held out to the Court as being dispositive of your liability. We have learned long ago that computer devices are too easy to replace, clean, or otherwise alter. The type of forensic examination you suggest is more often than not an exercise in futility that my client would consider a last resort and not a first step into discovery. Should this case proceed in the due course of discovery my client believes written discovery and depositions (of your client and all those with access to the complained of IP address during the period of infringement) including proximal neighbors will have more probative value.

As set forth in the Complaint, investigation into you IP address indicates that you not only impermissibly received and distributed my client's copyrighted works, but also were a persistent infringer of the copyrighted works of many others, over a long period of time. Our evidence indicates that in addition to the illegal distribution via BitTorrent of seven (7) of my clients original creative works over the period March 5, 2018 through August 6, 2018, your IP address was also used to illegally distribute via BitTorrent more than 200 other works (not authored by my client) during the period May 24, 2016 through September 24, 2018. The Additional Infringed Works include: 1) adult content films from other authors in my client's industry; 2) mainstream television downloads including Danger Man AKA Secret Agent, Wings 3) music like, Colosseum, Judy Boucher. At this time, both my client and I have evidence that you, and not someone else, committed the infringement. All evidence will be provided, if need be, during discovery

With this being said and increased discovery expenses on the horizon, at this point in the proceeding my client is offering to settle the matter for $1000 per work infringed or $7,000. Under the Copyright Act, copyright law affords content providers a range of damages between $750 and $30,000 per work infringed, and in some cases can extend to $150,000 per infringement. See 17 U.S.C. 504. This offer is made contingent on the basis that payment be received within 10 days from today and is subject to increase to the extent that this matter is

---

PJC: ADMITTED TO THE BAR OF THE STATE OF NEW JERSEY; ALSO ADMITTED TO FEDERAL DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY; ALSO A MEMBER OF THE BAR OF THE UNITED STATES SUPREME COURT.

PATRICK J. CERILLO, LLC                                                                  PAGE TWO
ATTORNEY AT LAW

forced to proceed further into litigation. If we have to proceed to case evaluation and/or expert discovery we will not be able to resolve the matter for such a low demand. Please advise.

Very truly yours,

*/s/ Patrick J. Cerillo*
Patrick J. Cerillo

PJC: cpf
Enclosure
cc: Malibu Media, LLC

PJC: ADMITTED TO THE BAR OF THE STATE OF NEW JERSEY; ALSO ADMITTED TO FEDERAL DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY; ALSO A MEMBER OF THE BAR OF THE UNITED STATES SUPREME COURT.