# Vincent P. Nolan
188 Morris Turnpike, Randolph, NJ 07879
973-462-9161
vpnolan@live.com

March 20, 2020

**VIA EMAIL to Clerk of Court and REGULAR MAIL**
The Honorable Edward S. Kiel, U.S.M.J.
Martin Luther King Jr. Federal Building and U.S. Courthouse
40 Walnut Street
Newark, NJ  07101

I/M/O:  Malibu Media, LLC v. Vincent Nolan
Docket No: 2:18-cv-13737

Dear Judge Kiel,

Enclosed for your records, please find two documents:

- Offer of settlement by Plaintiff's attorney on the part of the Plaintiff.
- Defendant's Response and rejection of Plaintiff's offer

I look forward to our scheduled settlement, March 31, 2020, conference in the above captioned matter and would ask Your Honor, in light of both Plaintiff's attorney's planned surgery as well as social distancing practiced due to the current COVID-19 pandemic, if the in person conference could be handled via telephone at this time or postponed until such time that the Plaintiff's attorney can travel and the crisis of this virus pandemic is no longer a public health issue.

Sincerely Yours,

Vincent P. Nolan
Defendant *ProSe*

# Vincent P. Nolan
188 Morris Turnpike, Randolph, NJ 07879
973-462-9161
vpnolan@live.com

March 20, 2020

**VIA EMAIL and REGULAR MAIL**
Patrick J. Cerillo, LLC
4 Walter Foran Blvd.
Flemington, NJ 08822

I/M/O: Malibu Media, LLC v. Vincent Nolan
Docket No: 2:18-cv-13737

Dear Mr. Cerillo,

I am in receipt of your email of March 11, 2020 regarding a settlement in the above captioned matter. However, as I, the Defendant have at no time infringed upon any copyrights belonging to the Plaintiff, I hereby reject your offer.

Please note that I look forward to both our upcoming conference with Judge Kiel and subsequent proceedings before the bench. Please also note that any identification of person or persons external to the residence and within range of the Defendant's wireless router will be your responsibility, as these are within the public domain. Additionally, any and all costs of contact and depositions will also be completely the responsibility of the Plaintiff, as will any forensic examination of hard drives, should you choose to pursue this avenue.

I am intrigued by your statement that you have evidence specific to infringement by the Plaintiff "*and not someone else*" and look forward to reviewing that before the Court. Separately, your reference to a mainstream television program and certain works of music are also interesting, since the Defendant has never heard of the television title or either of the musical artists.

So, in summary, it is the Defendant's position that this action proceed to trial, where the boilerplate, innuendo and outright unfounded accusation on the part of the Plaintiff can be brought to the light of day, published in case law and judicial opinion as precedent for future Defendants who find themselves victims of similar spurious actions on the part of the Plaintiff.

Sincerely Yours,

Vincent P. Nolan
Defendant *ProSe*

cc: Edward S. Kiel, U.S.M.J
    Attachment